IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV557-03-MU

| | |
|---|---|
| CHRISTOPHER TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| JERRY WILLIAMS et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 30, 2008. (Document No. 1.)

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at Henderson County Jail. Specifically, Plaintiff contends that Defendants Pierce, Williams, Moore, Brown and Brady "intentionally make [his] living environment a living hell" by slamming the steel door located near his cell so loud that he cannot sleep. (Complaint at 8.) Next, Plaintiff contends that Defendants Williams and Whitmire "intentionally promot[e] misinformation" by telling him that he "has no rights, [filing] grievances are a waste of time" and that "[he] is only entitled to come out of his cell once every three days for a fifteen minute shower." (Complaint at 9.) Plaintiff further contends that Defendants Bruce, Styles and an unknown nurse practitioner violated his rights by denying him medical care on December 10, 2008. (Complaint at 9.) Plaintiff also contends that Defendants Styles and Bruce are deliberately indifferent to his medical needs because he has been housed in a cell by himself when Defendants know that he suffers from epileptic seizures. (Complaint at 10.) Next, Plaintiff contends that Defendants Williams and Corn have

1

violated his Constitutional rights by housing him in a disciplinary segregation unit because of the serious criminal charges against him and not due to any disciplinary charges against him while housed at Henderson County Jail. Plaintiff contends that housing him in the disciplinary segregation unit is part of a "calculated program to coerce [him] into pleading guilty while denying [him] due process . . . ." (Complaint at 11.) Plaintiff also complains that the guards are provided a "lavish buffet" but that the inmates are provided "skimpy, tasteless minute portions." (Complaint at 12.) Finally, Plaintiff contends that there is no reading material or law library at the Henderson County Jail. Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

Plaintiff's first allegation, that Defendants Pierce, Williams, Moore, Brown and Brady "intentionally make [his] living environment a living hell" by slamming the steel door located near his cell so loud that he cannot sleep, (Complaint at 8), does not state a Constitutional violation. Generally speaking, in order to state a claim for a violation of the Eighth Amendment based on cruel and unusual living conditions, the conditions must rise to the level of a deprivation of a basic human need such as food, warmth or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). Furthermore, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Finally, Plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993); but see 42 U.S.C. § 1997(e) (prisoner cannot maintain § 1983 action for mental or emotional injury absent physical injury). Here, it is clear that Plaintiff's bare allegation that guards slam doors loudly does not satisfy the requirements necessary to state a violation of the Eighth Amendment.

Next, Plaintiff contends that Defendants Williams and Whitmire "intentionally promot[e] misinformation" by telling him that he "has no rights, [filing] grievances are a waste of time" and that "[he] is only entitled to come out of his cell once every three days for a fifteen minute shower." (Complaint at 9.) Basically, Plaintiff is alleging that the Defendants are lying to him. The Court likens this allegation to a claim that the guards are verbally abusive to him. However, verbal abuse, without more, states no claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir, 1990). Plaintiff's allegation that Defendant's are lying to him, likewise, states no constitutional violation.

Next, Plaintiff contends that Defendants Williams and Corn have violated his Constitutional rights by housing him in a disciplinary segregation unit because of the serious criminal charges against him and not due to any disciplinary charges against him while housed at Henderson County Jail. Plaintiff contends that housing him in the disciplinary segregation unit is part of a "calculated program to coerce [him] into pleading guilty while denying [him] due process . . . . " (Complaint at 11.) However, segregated confinement does not per se amount to cruel and unusual punishment, even if of prolonged and indefinite duration. In re: Long Term Admin. Segregation on Inmates, 174 F.3d 464, 471-72 (4th Cir.), cert. denied, 528 U.S. 874 (1999).

With respect to Plaintiff' claim regarding the food served at Henderson County Jail, Plaintiff contends that the guards are provided a "lavish buffet" but that the inmates are provided "skimpy, tasteless minute portions." (Complaint at 12.) The fact that the guards are fed, what Plaintiff perceives as, larger portions of better tasting food does not state a cruel and unusual punishment claim under the Eighth Amendment. Indeed, in order to state a claim for a violation of the Eighth Amendment regarding food, Plaintiff must state that the deprivation is serious and that defendants

3

are deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). Plaintiff has not done so and this claim is therefore dismissed.

Next, Plaintiff contends that there is no access to a law library at the Henderson County Jail. However, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done. Bounds v. Smith, 430 U.S. 817, 828 (1977); Smith v. Bounds, 813 F.2d 1299, 1301-02 (4th Cir. 1987). Plaintiff also contends that books are not allowed by mail and that books donated from churches are thrown away. In Bell v. Wolfish, 441 U.S. 520 (1979), the Supreme Court explained that a detainee's First Amendment rights may be restricted in the interest of prison security. There is no mention in Plaintiff's Complaint of the rationale behind the alleged restriction. Moreover, Plaintiff does not indicate whether there are any other books, magazines, newspapers or other general reading material available to inmates or detainees. Finally, the Court notes that it does not appear from the face of his Complaint, that Plaintiff has filed a grievance, which is required before a Plaintiff can file a federal lawsuit regarding prison conditions, on this specific issue or any other issue mentioned in Plaintiff's Complaint. Therefore, Plaintiff's claim must be dismissed.

Lastly, Plaintiff contends that Defendants Bruce, Styles and an unknown nurse practitioner violated his rights by denying him medical care on December 10, 2008. (Complaint at 9.) Plaintiff also contends that Defendants Styles and Bruce were deliberately indifferent to his serious medical needs by placing him in a cell by himself when Defendants know that he suffers from epileptic seizures. (Complaint at 10.)

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S.

97, 104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Here with respect to the December 10, 2008 incident, Plaintiff alleges that he injured his right hand and went to see the Nurse Practitioner who allegedly told Plaintiff that his hand was injured and he should go see Nurse Bruce. Plaintiff contends that neither Nurse Bruce nor Bruce Styles will discuss his hand with him. Plaintiff's Complaint is so vague and lacking in fact that, even giving the Plaintiff the benefit of liberal pleadings given to pro se prisoners, this Court cannot find facts supporting deliberate indifference. At most, it appears to be either a lack of communication or a disagreement between Plaintiff and Defendants regarding treatment, which does not state constitutional claim, Russell v. Sheffer, 58 F.2d 318, 319 (4th Cir. 1975) or mere negligence in diagnosis or treatment, which is also insufficient to state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Furthermore, Plaintiff alleges only that he had a "knot above [his] knuckle," which may not even rise to the level of a serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092 (4th Cir. 1997). Therefore, Plaintiff's claim that Defendants were deliberately indifference to his medical needs on December 10, 2008 is dismissed.

Next, as part of his deliberate indifference claim, Plaintiff also alleges that Defendants were deliberately indifferent to his serious medical need by housing him in a cell by himself when Defendants know that he suffers from epileptic seizures. (Complaint at 10.) This allegation is woefully insufficient to state a claim. The fact that Plaintiff is housed alone, even with a history of seizures, does not rise to the level of deliberate indifference to Plaintiff's medical needs.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.[1]

**SO ORDERED.**

Signed: January 8, 2009

Graham C. Mullen
United States District Judge

---

[1] The Court notes that it appears that Plaintiff has not exhausted his administrative remedies prior to filing his Complaint.